## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-00228 |
| v. | (Judge Brann) |
| LAWRENCE CUMMINGS, | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 11, 2020

Currently pending before the Court is Lawrence Cummings' motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Cummings contends that he is entitled to release to home confinement due to the COVID-19 pandemic.[2] The Government opposes the motion.[3]

## I.   BACKGROUND

In 2017, Cummings was indicted for possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2).[4] That charge related to an approximately six and one-half inch piece of metal that was sharpened into a point which Cummings possessed while incarcerated at the United States Penitentiary in Allenwood, Pennsylvania.[5] Cummings later pled guilty to that charge, pursuant to a written plea

---

[1]   Doc. 36.
[2]   *Id.*
[3]   Doc. 38.
[4]   Doc. 1.
[5]   Doc. 1 at 1.

agreement,[6] and was sentenced to six months' imprisonment.[7] He is currently incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania ("USP Canaan").

Cummings has now filed a motion for compassionate release.[8]  Cummings does not assert that he suffers from any illness that would elevate his risk of serious illness or death should he contract COVID-19 but, instead, bases his motion on COVID-19 in general.[9]  The Government responds that no extraordinary and compelling basis exists to grant the motion and, in any event, the relevant 18 U.S.C. § 3553(a) sentencing factors militate against releasing Cummings to at-home confinement.[10]  This motion is ripe for consideration and, for the following reasons, Cummings' motion will be denied.

## II.    DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[11] Congress has provided courts with authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative remedies[12] and if, as relevant here,

---

[6]   Doc. 20.
[7]   Doc. 34.
[8]   Doc. 36.
[9]   *Id.*
[10]   Doc. 38.
[11]   *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).
[12]   It is undisputed that Cummings exhausted his administrative remedies. *See* Doc. 38 at 17.

"extraordinary and compelling reasons warrant such a reduction."[13] Courts must also consider the relevant § 3553(a) sentencing factors[14] and whether "the defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[15]

Congress has not defined the term "extraordinary and compelling." However, the Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[16] This definition is not, however, authoritative, as "[t]he Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[17] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[18]

---

[13]   18 U.S.C. § 3582(c)(1)(A)(i).

[14]   *Id.*

[15]   U.S. Sentencing Guidelines Manual § 1B1.13(2).

[16]   USSG § 1B1.13, cmt. n.1(A).

[17]   *United States v. Rodriguez*, __ F.Supp.3d __, __, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020).

[18]   *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).

The relevant sentencing factors to consider under § 3553(a) include, *inter alia*, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[19] "The burden rests with the defendant to show that a reduction in sentence is proper."[20]

Here, Cummings has not met his burden of establishing that extraordinary and compelling reasons weigh in favor of compassionate release. Notably, Cummings does not suffer from any ailments that render him more susceptible to serious injury or death should he contract COVID-19. In the absence of any comorbidity that renders Cummings especially vulnerable to COVID-19, the Court simply cannot conclude that compassionate release is appropriate. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[21]

---

[19]   18 U.S.C. § 3553(a).

[20]   *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).

[21]   *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Moreover, the Court notes that, despite USP Canaan housing approximately 1,128 inmates, there are currently no active COVID-19 cases among either the inmates or staff members at that facility.[22] It appears that, as a general matter, USP Canaan has "respond[ed] to and defend[ed] against the threats of the virus in a vigorous and generally effective manner,"[23] which further emphasizes that Cummings is not entitled to compassionate release based solely on the existence of COVID-19.

The Court is sympathetic to Cummings' situation, and the risk of harm or death from COVID-19 is a serious issue. However, absent some particular susceptibility to the virus, the Court simply cannot find that extraordinary and compelling reasons exist to grant Cummings' motion.

## III.   CONCLUSION

For the foregoing reasons, Cummings' motion for compassionate release will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[22]   Doc. 38 at 10-11; *see COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Aug. 7, 2020).

[23]   *United States v. Rae*, No. CR 15-432, 2020 WL 4544387, at *4 (E.D. Pa. Aug. 6, 2020); *see* Doc. 38 at 5-9 (detailing steps BOP has taken to protect inmates from COVID-19).